**STATE of Iowa, Appellee,**

v.

**Ronald Dale ESCAMILLA, Appellant.**

No. 54168.

Supreme Court of Iowa.

Jan. 19, 1971.

McCarthy & Hart, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and Edward N. Wehr, County Atty., Davenport, for appellee.

REES, Justice.

Defendant Escamilla, charged by county attorney's true information with the crime of rape in violation of section 698.1, Code, 1966, was tried, convicted and sentenced. At the close of the State's evidence, and at the close of all the evidence, the defendant moved for a directed verdict, both motions being overruled, the rulings on said motions being assigned as error. We affirm the judgment of the trial court.

As stated above, appellant's sole contention is that there was no corroboration of the prosecuting witness' identification of him as the one who assaulted her and that therefore the required evidence of corroboration was insufficient to submit the case to the jury. The defendant asserts that at best the evidence shows only the opportunity to commit the crime charged, and alleges that evidence of opportunity alone furnishes corroboration only when:

(1) The defendant made or brought about the occasion and himself furnished and created the opportunity which made the crime possible, or

(2) The opportunity was present and the defendant was the only person who could have committed the crime.

The State contends that the matter was properly submitted to the jury as to the sufficiency of the corroboration, relying on the theory that corroborating evidence need only tend to connect the defendant with the crime, and need not conclusively or certainly connect him therewith. The State further asserts when the opportunity is other than a mere business or social opportunity to commit the crime, it may be sufficient corroboration, especially if the defendant helps to bring about the opportunity and when such an opportunity is shown a jury question is generated.

**924**

I. This court has considered the general issue of the sufficiency of corroboration in a number of cases, notably State v. Pilcher, 158 N.W.2d 631 (1968). We note at the outset the cautionary view taken by this court in State v. Pilcher, where we said at page 636,

"We have considered the sufficiency of corroboration in countless cases. However, as we noted in State v. Ladehoff, 255 Iowa 659, 122 N.W.2d 829, facts differ so greatly that previous decisions are of small value as precedents."

Despite the widely varying factual backgrounds of the many corroboration cases, certain legal principles on the necessity and sufficiency of corroboration of a rape victim's testimony have emerged.

While one may not be convicted of rape upon the testimony of the victim alone, corroborating evidence necessary for conviction need only be such as tends to connect the defendant with the crime. State v. Pilcher, supra, 158 N.W.2d page 636. Our statute, § 782.4, Code, 1966, provides:

"The defendant in a prosecution for rape, * * * cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense."

The above statutory language was considered in State v. Lahmon, 231 Iowa 448, 449, 1 N.W.2d 629, 630, where this court said,

"The 'other evidence' need not certainly connect the defendant nor conclusively point him out as the assailant. It need only 'tend' to connect him with the commission of the offense, to the end that the jury may say that they have no reasonable doubt of his guilt."

■ If the other evidence in connection with the testimony of the victim tends to identify and single out the accused as the perpetrator of the crime, its sufficiency is to be passed upon by the jury. State v.

Lahmon, supra, 231 Iowa at 450, 1 N.W.2d at 631.

II. Appellant correctly contends that a mere opportunity alone to commit the rape is not in itself sufficient statutory corroboration. It is also true, as this court held in State v. Lahmon, there are many occasions in ordinary business and social relations where men and women are together and an opportunity for the crime is available, but where there is nothing to indicate that the circumstances are other than proper and innocent, such opportunity does not furnish the required corroboration.

However, where the defendant made or brought about the opportunity for the commission of the crime himself, it is a question for the jury whether the corroboration required by the statute has been established. State v. Lahmon, supra, p. 632. Further, if there is something about the creation of the opportunity and the circumstances attending it that is suggestive, this fact combined with other circumstances may be enough to take the case to the jury on the question of corroboration. State v. Smith, 194 Iowa 639, 645, 190 N.W. 27, 29.

III. Whether any item of evidence is corroborative, or whether the statutory corroboration as a whole is sufficient, is a question of law for the court, but the weight and the probative force of the testimony is a question for the determination of the jury. State v. Lahmon, supra, 231 Iowa at 451, 1 N.W.2d at 631.

■ Under the record presented on appeal we hold there was sufficient corroboration to make a jury question in this case. The defendant, along with others, requested the prosecutrix to drive out to Enchanted Island in order that one of the men in the party could pick up his car there. Once the prosecutrix, her friend a Miss Dobbs, the appellant and five other men arrived, the keys to prosecutrix' car were taken and she was not allowed to leave. According to the testimony of Miss Dobbs one of the men, not the appellant, made an attempt to assault her and when she suc-

cessfully resisted he hit her, knocking her from the car. Miss Dobbs and the other State's witness, Ybarra, then left the immediate area of the automobile and were both absent when, according to the prosecutrix' testimony, the first assaults on her took place in her car.

In both the testimony of Dobbs and Ybarra, the defendant was shown to have been present at the prosecutrix' car. Miss Dobbs testified she saw the "boys" carry the prosecutrix into the house. She testified she heard laughter and moaning from the house after the prosecutrix and the men entered. Ybarra testified to hearing the same sounds coming from the house, but he said he could not specifically identify anyone in particular in the house. A doctor testified he examined the prosecutrix and found that her vaginal area was extremely sensitive and he indicated that some inflammation was present. He further testified that because of prosecutrix' soreness she had difficulty walking and that her condition was compatible with her having engaged in a number of acts of sexual intercourse during the night previous to his examination.

The testimony of Miss Dobbs and Ybarra is consistent in placing the defendant at the scene of the alleged rape, both in the car and later in the nearby house. The circumstances surrounding the trip to Enchanted Island are suggestive that all of the men in the car, including the defendant, planned an assault upon the prosecutrix or on the prosecutrix and her friend Miss Dobbs. A stop was made to buy beer on the way to the Island, and when the prosecutrix and the others in her car arrived, no automobile belonging to one of the men was found. The jury might have been justified in finding the excuse given for the trip to Enchanted Island was a ruse to get prosecutrix to the isolated area where the alleged attack took place.

As we view the record, the testimony of Miss Dobbs and Ybarra shows that the defendant was connected with the crime.

Such testimony at least is sufficient to make a jury question. The corroborative evidence placing the defendant at the scene is consistent with the prosecutrix' story that defendant aided in undressing her and then was the first of six to have intercourse with her in the car. She further testified that each of the men, including defendant, had intercourse with her in the house three or four times each.

This case obviously is not one involving mere business or social opportunity to commit the crime of rape. It is one in which there is sufficient testimony to show defendant helped to create the opportunity for the commission of the crime under circumstances the jury could reasonably have believed were suggestive of unsavory intent.

We therefore conclude there was no error in submitting the matter to the jury and permitting the jury to consider the question of corroboration.

The case is therefore affirmed.

Affirmed.

All Justices concur.