**STATE of Iowa, Appellee,**

v.

**Clarence Duane SMITH, Appellant.**

**No. 54742.**

Supreme Court of Iowa.

March 16, 1972.

Roger P. Owens and Jesse, LeTourneau & Johnston, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., Ray Fenton, County Atty., for appellee.

MASON, Justice.

Clarence Duane Smith, twenty-two, was charged by indictment with forcibly raping Mary Margaret Smith contrary to section 698.1, The Code, 1966. Following defendant's plea of not guilty, he was tried to a Polk county jury which convicted him of the crime of assault with intent to commit rape. Motions for judgment notwithstanding the verdict and in the alternative, for a new trial, were overruled and Smith was sentenced to the state penitentiary.

Smith appeals assigning two errors relied on for reversal. In his first assignment defendant contends the court erred in overruling his motion to dismiss made at

the close of the State's evidence and renewed at the close of all evidence and in overruling motion for judgment notwithstanding the verdict and for a new trial. Defendant contends in the other assignment the court erred in overruling objections to testimony offered by the State. Although the assignments are argued together, they will be considered separately after some narration of facts giving rise to this criminal charge.

Mary Margaret Smith, thirty-four, had been married to defendant's father. They were divorced in 1963. Defendant, born as the issue of Mr. Smith's earlier marriage, had lived with his father and prosecutrix in 1956. At the time of the incident involved, August 13, 1970, Mrs. Smith was living with her five children and a granddaughter in Des Moines. Linda, fifteen, was the oldest of Mrs. Smith's children and defendant's half sister. The other children were 13, 12, 9 and 2, the granddaughter, five months old.

Defendant testified that before going to Mrs. Smith's home he did some drinking at a party earlier in the evening, had some drinks at a tavern and at a cousin's home. Defendant arrived at Mrs. Smith's home around 2:30 a. m. and knocked at the door. Mrs. Smith was in bed at the time. The five children were asleep in the same bedroom. As she opened the door defendant asked if they were already in bed and she answered, "Yes," and went back to bed. Defendant followed her into the bedroom and sat down on the bed where prosecutrix was lying with her granddaughter. After some conversation, for some unexplained reason, Mrs. Smith went out to the front yard.

Prosecutrix testified defendant followed her into the yard and after asking her to come back into the house, grabbed her arm and pulled her back into the bedroom where the act complained of took place. She described the extent of the force exerted by defendant in accomplishing the act.

After defendant left the house Mrs. Smith awakened Linda and told her defendant had assaulted her. Later she called her brother, her pastor and the police. The police took her to Broadlawns Hospital where she was examined about 5 a. m.

Linda testified although she did not see defendant at her mother's house the night in question, she heard voices and recognized one as her brother's and the other as her mother's.

■ I. Under the criminal practice of this state there is no such thing as a motion for judgment notwithstanding the verdict. State v. Deets, Iowa, 195 N.W.2d 118 (filed February 25, 1972). Insofar as defendant relies on the court's adverse ruling on this phase of the motions as a basis for reversal, the contention is wholly without merit.

II. Defendant also challenges the court's refusal to sustain his motion to dismiss on the ground the corroboration required by section 782.4, The Code, was not sufficient. This section provides:

"The defendant in a prosecution for rape * * * cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense."

Defendant contends evidence that the prosecutrix made complaint to Linda and the testimony of the examining physician that Mrs. Smith had had intercourse within 12 to 18 hours before his examination is the only possible corroborating evidence other than the question of opportunity which is not the corroboration required by the statute.

■ While one may not be convicted of rape upon the testimony of the victim alone, the statute requires only that the corroborating evidence be such as tends to connect the defendant with the crime. State v. Pilcher, 158 N.W.2d 631, 636

(Iowa 1968) and State v. Escamilla, 182 N.W.2d 923, 924 (Iowa 1971).

The question of the sufficiency of the corroboration required by this statute is fully discussed in State v. Pilcher.

State v. Brown, 172 N.W.2d 152, 153 (Iowa 1969), has this statement of law:

"On defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict we view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support action of the jury. It is necessary to consider only the supporting evidence whether contradicted or not. * * * [citing authorities]."

■ No error can be predicated on the failure to grant the motion for directed verdict made at the close of the State's evidence. The court may sustain such a motion but is not required to do so. See State v. McLaughlin, 250 Iowa 435, 439, 94 N.W.2d 303, 305; State v. Kulow, 255 Iowa 789, 793, 123 N.W.2d 872, 875; State v. Mabbitt, 257 Iowa 1063, 1065, 135 N.W.2d 525, 527; and State v. Werner, 181 N.W.2d 221, 222 (Iowa 1970).

■ After the court overruled the motion to dismiss made at the close of the State's evidence, defendant took the stand and testified he was at the home of Mrs. Smith the night in question. He admitted having intercourse with prosecutrix but denied the act was accomplished with force or against her will.

Even if we were to accept defendant's argument that Linda's testimony was insufficient to furnish the corroboration required under the statute there is another reason why defendant's contention is without merit. In State v. Niccum, 190 N.W.2d 815, 823 (Iowa 1971), we pointed out "when a defendant introduces evidence after a denial of his motion for dismissal or directed verdict at the close of the prosecution's case, the reviewing court should con-

sider the entire record, including defendant's evidence."

Defendant's assignment considered in this division and his argument in support completely ignore defendant's testimony as a witness in his own behalf when he testified he went to Mrs. Smith's home the early morning of August 13, 1970, and had intercourse with her. There can be no question as to the sufficiency of his testimony to meet the requirements of section 782.4.

■ III. In support of his attack on the court's rulings on his objections defendant contends Mrs. Smith's testimony as to the complaint she made to Linda as well as that portion of Linda's testimony where she related what her mother said after awakening her is hearsay.

In some of our recent cases we have defined hearsay. See Daniels v. Bloomquist, 258 Iowa 301, 312, 138 N.W.2d 868, 875; Crane v. Cedar Rapids and Iowa City Railway Co., 160 N.W.2d 838, 845 (Iowa 1968), affirmed 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176; and State v. Grady, 183 N.W.2d 707, 712 (Iowa 1971).

In rule 301, Proposed Rules of Evidence for the United States Courts and Magistrates, hearsay is defined in this manner:

"(a) Statement. A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.

"(b) Declarant. A 'declarant' is a person who makes a statement.

"(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
"* * * *."

The omitted portion of the quoted rule deals with statements which are not hearsay.

The Advisory Committee in commenting on subdivision (c) said: "The definition follows along familiar lines in including

only statements offered to prove the truth of the matter asserted. McCormick § 225; 5 Wigmore § 1361, 6 id. § 1766."

In considering defendant's contention the challenged testimony is hearsay, it is to be recalled defendant admitted intercourse with complainant but denied the act was accomplished with force or against her will. Thus, the very commission of the act in this manner came into issue. In State v. Grady, 183 N.W.2d at 713–719, we discussed the theory of admissibility of evidence of a complaint by the nonconsenting victim of a sex offense which is consistent with her testimony and which is not a spontaneous declaration which might be exempted from the hearsay exception. Such testimony as to the fact prosecutrix made complaint of having been raped is offered by the State on the theory it corroborated the prosecutrix' testimony. In this circumstance the purpose of such offer of evidence is not to show the truth of the matter asserted in the utterance, but only that a complaint was made by the woman. The hearsay rule is not involved.

However, in the course of the opinion we declared that "in a prosecution for rape the state is not privileged to prove that the prosecutrix complained any particular person assaulted her until after defendant has brought out particulars of the details of the complaint or has introduced evidence tending to impeach in any respect the female or witnesses testifying to the complaint unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae." We expressed the view the rule permitting "so much of the complaint as identifies 'the time and place with that of the one charged'," is not to be extended to permit testimony on direct examination of the fact the female in making complaint identified the accused unless it qualifies for admissibility under some exception to the rule against hearsay.

With the foregoing statements of law before us, we turn to testimony challenged as inadmissible.

Mrs. Smith testified that after defendant left the house she awakened Linda, told her, "Bubbles [defendant's nickname] came in here and he made me have him," and when Linda asked, "He what?" she told her daughter, "He made me have him."

Linda, as a witness, gave her version of her mother's complaint. The girl testified her mother awakened her about 2:45 a. m. and was crying. Linda asked her mother why she was crying and her mother replied, "Your brother assaulted me." The witness then asked, "What's that? What does assault mean?" Prosecutrix then said, "Your brother made me have him."

Although the fact of complaint is admissible as corroborating the prosecutrix' testimony that the act was with force and against her will, it is obvious the complaint insofar as it identifies defendant as Mrs. Smith's assailant must qualify as an exception to the hearsay rule. Defendant argues it does not qualify as res gestae since it was made in response to Linda's question and was not spontaneous or impulsive.

A similar objection was rejected in Gibbs v. Wilmeth, 261 Iowa 1015, 1024–1025, 157 N.W.2d 93, 98–99, where the opponent contended offered testimony was too far removed in time to meet the requirement of spontaneity and also that it was not prompted by the event itself but was rather elicited by inquiry. In considering the problem this court referred to the controlling standards in testing admissibility of res gestae statements and expressed our view of the important consideration in dealing with admissibility. What was said there need not be repeated here. It is sufficient to say and we now hold the trial court did not err in admitting the statements objected to as part of the res gestae.

Finding no error, the case is

Affirmed.

All Justices concur.