STATE of Iowa, Appellee,

v.

Cecil I. POLSON, Appellant.

No. 55565.

Supreme Court of Iowa.

March 28, 1973.

Life, Davis & Life, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Edwin F. Kelly, Jr., County Atty., Fairfield, and Ira Skinner, Jr., Des Moines, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant, Cecil I. Polson, was tried, convicted and sentenced for the crime of rape in violation of Code section 698.1. His sole contention on this appeal is the evidence was insufficient to corroborate prosecutrix' testimony as required by Code section 782.4. As material here, it provides: "The defendant in a prosecution for rape, * * * cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense."

We have considered the provisions of this statute in a number of cases and as pointed out in defendant-appellant's brief the applicable legal principles are well established.

■ The "other evidence" need not certainly connect the defendant nor conclusively point him out as the assailant. It need only "tend" to connect him with the commission of the offense, to the end the jury may say that they have no reasonable doubt of his guilt. If the other evidence in connection with the testimony of the victim tends to identify and single out the accused as the perpetrator of the crime, its sufficiency is to be passed upon by the jury. State v. Escamilla, Iowa, 182 N.W.2d 923, 924; State v. Pilcher, Iowa, 158 N.W.2d 631, 636; State v. Lahmon, 231 Iowa 448, 449, 450, 1 N.W.2d 629, 630, 631.

■ Evidence connecting the accused with the commission of a rape may be circumstantial. State v. Pilcher, supra. In State v. Ladehoff, 255 Iowa 659, 663, 122 N.W.2d 829, 832, we say:

"Evidence either tending to show the commission of the crime or to connect the accused with it may be circumstantial. State v. Taylor, 196 Iowa 1015, 1020, 192 N.W. 294, 295. Indeed, it is in the nature of things that most of the evidence in these cases except for that of the prosecutrix herself, will be such. Rape is not often committed in the public gaze, or before eyewitnesses. It is not a spectator crime."

■ Sufficient corroboration as required by the statute may be found by the suspicious conduct of the accused. State v. Ladehoff, supra, 255 Iowa at page 671, 122 N.W.2d at page 836; State v. Taylor, 196 Iowa 1015, 1020, 192 N.W. 294, 295, 296. The general rule is thus stated in 23 C.J.S. Criminal Law § 812(4) e, page 116:

"The entire conduct of accused may be looked to for the corroborating circumstances, and, if from those circumstances the connection of accused with the crime may fairly be inferred, the corroboration is sufficient. * * *."

■ Whether any item of evidence is corroborative, or whether the statutory corroboration as a whole is sufficient, is a question of law for the court, but the weight and the probative force of the testimony is a question for the determination of the jury. State v. Escamilla, supra, 182 N.W.2d at page 924; State v. Lahmon, supra, 231 Iowa at page 451, 1 N.W.2d at page 631.

■ The record is undisputed that prosecutrix, age 19, at about 2:30 p. m., August 5, 1971 was stopped near her parent's home in Fairfield, Iowa, by a man who at gun point compelled her to walk about 400 feet to a wooded area where in high grass he forcibly raped her. Immediately thereafter she gave law enforcement officers what proved to be a good description of defendant. Her description included the fact her assailant had a cold which was particularly evidenced by his "runny nose." On trial her identification of defendant as her assailant was positive.

The record discloses much evidence of defendant's presence very near the site of the assault both before and after its commission. Prosecutrix' mother testified that about 12:45 p. m., August 5, 1971, a man whom on trial she described and identified as defendant, came to the door of her home on the corner of D Street and Wilson Blvd., in Fairfield. He stated he was looking for a German Shepard dog. He gave her false information including a statement he had just moved into a house in the neighborhood and that his telephone had not been connected. She observed he seemed to have a nasal problem. There was mucus on his mustache.

Defendant was also identified by the witnesses Mrs. Charles Barrows and Mrs. Marie Clark. They saw him going through some bushes in the neighborhood

**742**

where prosecutrix lived and near the scene of the crime at about 2:20 p. m., August 5, 1971, immediately prior to the assault.

Defendant's white over blue Chevrolet Convertible was seen parked on Wilson Blvd. in front of the third house west of prosecutrix' home.

David Paul Huff who lived four houses west of prosecutrix' home testified that about 2:50 p. m., immediately after the assault, he saw defendant running from the area where the crime described by prosecutrix occurred. As defendant ran around the corner of the Huff garage and came into Huff's presence, defendant ceased to run and began to walk. He was traveling in the direction of his parked car. When questioned by Huff defendant gave a fictitious name and a false Fairfield address as his place of residence. Defendant told Huff he was looking for his brown and black dog.

Defendant had lived and worked in Burlington, Iowa for many months. He was questioned there on August 16, 1971 by State Agent Wayne Sheston following intensive investigation by several law enforcement officers. Defendant denied being in Fairfield on August 5 but stated he had been off work on that day because he had the flu, his eyes were watering and his nose runny. Sheston informed defendant he was going back to Fairfield to obtain a warrant for defendant's arrest and would return the next day. Sheston did so but defendant was not found at his home, his place of employment or in the Burlington area. He was arrested on August 30, 1971 by Sheriff Angstead to whom defendant stated he had been "hiding out."

We hold the entire combination of circumstances is such that there was ample corroborative evidence, as required by Code section 782.4, for the jury's consideration.

We find no reversible error.

Affirmed.