STATE of Iowa, Appellee,

v.

Ronald GRINDLE, Appellant.

No. 55805.

Supreme Court of Iowa.

Feb. 20, 1974.

Getscher, Redd & Getscher, Hamburg, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen. and James A. Thomas, Co. Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLD-SON and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant, Ronald Grindle, appeals from judgment entered on jury verdict finding him guilty of larceny in the nighttime. We affirm.

In material part the information filed May 8, 1972, essentially alleged that on or about August 18, 1971, defendant stole and carried away approximately ten television sets from the Mintle warehouse in Glenwood.

Trial commenced absent any challenge as to form and content of the aforesaid information.

Howard Mintle testified he operates an appliance store in Glenwood and also there has a warehouse wherein TV sets and other items of merchandise are stored. The first week in August 1971 he noticed hinges on the warehouse basement door had been removed. An invoice based inventory check was then effected. This revealed some merchandise was gone which had come into Mintle's possession June or July of 1971. He promptly advised the police as to serial numbers on the missing boxed TV sets and other appliances.

John Ahrens, a State's witness, said he, Grindle and Wendell Prindle stole the TVs, which were placed in Grindle's car; he and Grindle later talked with Jonas Price about selling the sets; and the next day they effected a sale to some man at Pinkey's Glen near Bartlett.

Wendell Prindle, another prosecution witness, stated he aided Grindle and Ahrens in effecting the theft, these three participants were in Grindle's car with the TVs; and he, Prindle, received some money from the sale of those items.

Jonas Price, also appearing on behalf of the State, testified to the effect Grindle, Prindle and Ahrens drove to Price's home in Grindle's car; the latter wanted him to find a buyer for the sets; he knew nothing about the theft but assumed the merchandise had been stolen. Price was later at Pinkey's Glen with Grindle and his two confederates where the sets were to be sold to Wayne Zirkelbach. Price subsequently gave a black and white TV to representatives of the B.C.I. The serial number on that set matched one of those supplied by Mintle to the police.

Betty Zirkelbach testimonially stated Grindle and Ahrens unsuccessfully attempted to sell her a black and white TV.

Wayne Zirkelbach testified he met Grindle, Ahrens and Price at Pinkey's Glen. They had a box which was pried open. It contained a color TV. These men then went to a vacant farmhouse where Zirkelbach saw four boxed TVs. Grindle and his companions there discussed a sale of the sets to Zirkelbach.

Absent any evidence for the defense both sides rested.

Grindle unsuccessfully moved for a directed verdict by which he asserted insufficiency of evidence to support the charge made, and absence of evidence connecting defendant with any crime other than by accomplice testimony.

In support of a reversal defendant here urges, trial court erred in overruling his motion for a directed verdict because (1) the information failed to allege property assertedly stolen belonged to anyone other than the accused; (2) there was no evidence so disclosing; and (3) accomplice testimony was inadequately corroborated.

I. Defendant's first assignment of error must be resolved adverse to him in light of The Code 1971, Section 777.3, which states: "All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case."

By his belated challenge as to content and sufficiency of the information Grindle waived the claimed defect. See State v.

Williams, 193 N.W.2d 529, 530 (Iowa 1972). See also Code §§ 769.13, 733.4.

II. By a related assignment defendant contends, as aforesaid, the evidence was insufficient to establish ownership of the involved property in anyone other than himself.

■ More accurately stated, proof of ownership or greater possessory right is essential to a conviction of larceny in the nighttime.

■ And this court will not allow a conviction to stand absent proof of any essential element of the offense charged. See State v. Werner, 181 N.W.2d 221, 222 (Iowa 1970); State v. Galvan, 181 N.W.2d 147, 149 (Iowa 1970).

■ On the other hand, with regard to sufficiency of the evidence to sustain a conviction, we accord the State's case the most favorable interpretation it will bear, including all reasonable inferences and presumptions flowing from the evidence. See State v. Ampey, 210 N.W.2d 433, 434 (Iowa 1973).

■ It must be initially conceded Mintle did not testimonially state he owned the stolen goods. But that is not alone determinative. As heretofore disclosed Mintle acquired possession of the involved items of property in June or July 1971; they were then placed in a warehouse which he had, separate from his appliance store; and the police were advised regarding serial numbers on the stolen merchandise, as determined by Mintle's invoice related inventory.

Viewed in light of the guiding principles above set forth, evidence adduced by the State discloses Howard Mintle, at time of the taking, had possession of the merchandise here concerned, as opposed to any such right on defendant's part. That sufficed. See Code §§ 709.1, 709.4; State v. Jackson, 251 Iowa 537, 542, 101 N.W.2d 731 (1960); 3 Underhill's Criminal Evi-

dence, § 593 (5th ed. Herrick); 50 Am. Jur.2d, Larceny, § 22; 52A C.J.S. Larceny § 134.

■ III. As previously stated Grindle, in trial court, contended the State's evidence consisted of accomplice testimony insufficiently corroborated to justify submission of the case to a jury or to support a conviction. He here voices the same claim.

We dealt with this problem in State v. Jennings, 195 N.W.2d 351 (Iowa 1972) and there said at 356–357:

"An accomplice is a person who willfully unites in, or is in some way concerned in the commission of a crime. The general rule for determining whether a witness is an accomplice is if he could be charged with and convicted of the specific offense for which an accused is on trial. (Authorities cited).

"But something more than mere knowledge that a crime is contemplated, or mere personal presence at the time and place where committed, must be shown in order to make one an accomplice. And it must be established by a preponderance of the evidence that a witness was in fact an accomplice. (Authorities cited).

"Corroborative evidence may be either direct or circumstantial. (Authorities cited).

"And testimony offered as corroboration need not be entirely inconsistent with innocence. (Authority cited).

"Whether there exists corroborative evidence adequate to meet the requirements of Code § 782.5, quoted supra, is a question of law for the courts, sufficiency thereof a fact issue for the jury. Furthermore, evidence introduced to corroborate an accomplice need be neither strong nor corroborative of every material matter, being sufficient if it legitimately tends to connect an accused with the crime charged and lends support to

credibility of an accomplice. (Authorities cited)."

See also State v. Houston, 211 N.W.2d 598, 600–601 (Iowa 1973); State v. Williams, 207 N.W.2d 98, 107 (Iowa 1973); State v. Houston, 206 N.W.2d 687, 689–690 (Iowa 1973); State v. Armstrong, 203 N.W.2d 269, 273 (Iowa 1972). See also 50 Am.Jur.2d, Larceny, § 82.

Conceding Prindle and Ahrens were accomplices, it cannot be said the record reveals, by a preponderance of evidence, the Zirkelbachs and Price stood in that position. The testimony of these three non-accomplices legitimately tended to connect Grindle with the crime charged and at the same time adequately supported the credibility of accomplices Prindle and Ahrens.

The instant assignment is without merit.

Affirmed.