**STATE of Iowa, Appellee,**

v.

**Reggie Lee CAMPBELL, Appellant.**

**No. 55917.**

Supreme Court of Iowa.

April 24, 1974.

Oscar E. Jones, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David E. Linquist, Asst. Atty. Gen., and Ray A. Fenton, Co. Atty., for appellee.

Submitted to MOORE, C. J. and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

Defendant was indicted, tried and convicted for the crime of rape committed in violation of § 698.1, The Code. He appeals from judgment entered on that verdict. We affirm the trial court.

Defendant raises two issues for review: (1) error in denying his motion for a directed verdict because of absence of corroboration as required by § 782.4, The Code; and (2) error in overruling his motion for new trial because the state failed to produce hospital records which had been requested by him.

We briefly relate the facts important to this appeal. At the time of the alleged crime, defendant and Craig Clark were renting basement sleeping rooms from the prosecutrix and her husband. On the evening prior to the alleged offense they had been at various taverns and private homes doing considerable drinking, arriving home at approximately 6:30 A.M. the following morning.

Shortly thereafter, the prosecutrix arose to prepare herself and her small son for the day's activities. Dressed in nightgown and robe, she was working in her kitchen when defendant appeared clad only in shorts. Her testimony as to what followed is positive and unequivocal. She requested him to leave. He refused and began caressing and kissing her. He threatened to kill her unless she submitted to his advances. When she screamed for help, he also threatened harm to her son and to her husband. He boasted that if she screamed again, he would kill her before help arrived. Under fear of these threats, she permitted him to take her into the bedroom where he made her disrobe. When she protested, he slapped her and grabbed her by the throat. He repeated the threats he had made earlier. Then he had sexual intercourse with her against her will. She testified she was fearful for her own safety and for that of her small son because of the threats he had made, both in the kitchen and in the bedroom. Having accomplished his purpose, defendant warned her not to tell anyone what had happened, once more threatening harm to her and her child unless she "kept her mouth shut." Defendant then went back to his basement quarters, leaving unclaimed the shorts he had discarded as he prepared to assault the prosecutrix.

Prosecutrix immediately got dressed and took her young son to her mother-in-law's house. When leaving the house, she deposited defendant's shorts in a corner of the garage.

Arriving at her mother-in-law's home, prosecutrix was distraught and hysterical. It was some time before she could tell a coherent story. She was given a tranquilizer and put to bed.

Sometime the same morning the police were called, defendant was arrested, and the indictment on which this case is based was eventually returned.

I. Since defendant's motion for directed verdict challenges only the sufficiency of corroboration, we limit our dis-

cussion accordingly. A conviction for rape may not stand on the testimony of the prosecutrix alone. § 782.4, The Code. Corroboration, however, need not be strong, it need not go to every element of the case, and it need not point certainly or surely to the defendant. It is enough if the evidence, either direct or circumstantial, tends to connect the defendant with the crime, permitting the jury to say if they are convinced of his guilt beyond a reasonable doubt. State v. Smith, 195 N. W.2d 673, 675 (Iowa 1972); State v. Escamilla, 182 N.W.2d 923, 924 (Iowa 1971); State v. Pilcher, 158 N.W.2d 631, 636 (Iowa 1968).

■ As usual in considering complaints of this kind, we view the testimony in the light most favorable to the state and accord it every intendment reasonably possible to sustain the jury's verdict. State v. Grindle, 215 N.W.2d 268, 270 (Iowa 1974); State v. Ampey, 210 N.W.2d 433, 434 (Iowa 1973).

■ The fact that the prosecutrix immediately complained to her mother-in-law and her appearance and demeanor at that time are all corroborative of her testimony and lend credibility to her story. State v. Grady, 183 N.W.2d 707, 713, 714 (Iowa 1971).

Although this alone would not be sufficient since it does not tend to connect defendant with the crime, the record discloses other evidence which is sufficient to do so and which fully satisfies the requirements of the corroboration statute.

First, we refer to the shorts which defendant was wearing at the time of the alleged offense and which he left in the bedroom upon his departure. When arrested several hours after the offense, he was clad in shirt and trousers but was not wearing shorts. The shorts, recovered by the police at the place where the prosecutrix said she had thrown them, were shown to defendant who admitted they "could be his." Secondly, one of the policemen who investigated the case testified defendant admitted stating at one time he "could not remember" if he had raped the prosecutrix. Third, during a telephone conversation on the morning of the crime between James Frazier (prosecutrix's husband from whom she was separated at the time) and Craig Clark (defendant's roommate), defendant, who was with Clark at the time, told Clark to advise Frazier he would "leave the house, get out of the state, anything he wants, just leave me alone."

On the whole record we conclude there was ample corroboration for submission to the jury.

■ II. Defendant's remaining complaint deals with the state's failure to produce hospital reports concerning an examination made of the prosecutrix following the attack. Sometime prior to trial, defendant's counsel had requested a copy of this report. The county attorney stated he did not then have it, but said it would be available at trial. There the matter rested until defendant's motion for new trial following his conviction. At trial there was testimony the hospital tests were "positive." No request for the report was made at trial, either by formal motion or directly to the county attorney. The trial court was not made aware of defendant's prior demand. Defendant's failure to renew his request—whether for reasons of trial strategy or because of inadvertence—preserves nothing for review on this appeal.

■ We should also mention defendant moved for judgment notwithstanding the verdict on this same ground. We have recently held there is no authority upon which such a judgment may be entered following conviction in a criminal case. State v. Smith, supra, 195 N.W.2d at 674; State v. Deets, 195 N.W.2d 118, 124 (Iowa 1972).

III. We find no merit in either issue raised by defendant, and his conviction must stand.

■ IV. However, there is one matter not raised by either party which we must

nevertheless rule on under the mandate imposed on us by § 793.18, The Code. It is the same question which arose in State v. Stevenson, 195 N.W.2d 358, 360 (Iowa 1972). Here, as in the Stevenson case, the trial court sentenced defendant to an indeterminate term of not more than 10 years in the penitentiary. However, the indeterminate sentencing provisions do not apply to the crime of rape. Under the statute a defendant convicted of that crime shall be imprisoned in the penitentiary "for life, or any term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding."

As we pointed out in Stevenson, a sentence such as was imposed here must be set aside because we cannot say if the court intended the sentence to be for a specific term of 10 years or whether it intended only to fix that as a maximum, with the actual time to be determined by the board of parole. We therefore remand the case to the district court for resentencing under the provisions of § 698.1, The Code.

Affirmed on condition that case be remanded for proper sentencing.