# IN THE COURT OF APPEALS OF IOWA

No. 14-1344
Filed June 24, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CINDY CHRISTINE HEBRON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

A defendant challenges her guilty plea to operating while intoxicated first offense and the denial of a new trial on two related assault charges. **AFFIRMED.**

Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Heather R. Quick (until withdrawal), Assistant Attorneys General, John P. Sarcone, County Attorney, and Jeff Noble, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and McDonald, JJ.

**TABOR, J.**

Cindy Hebron crashed her car into a parked pickup, sheared off a power pole, and landed upside down in the front yard of an east side Des Moines residence. As she squeezed out of the driver's side window, she begged witnesses at the scene: "Don't call the cops." After she was transported to the emergency room, she struggled with health care providers and hospital security. As a result, the State charged her with operating while intoxicated (OWI) second offense and three assaults. A jury convicted her of two counts of assault on health care providers, in violation of Iowa Code section 708.3A(4) (2011). Because the jury could not reach a verdict on the OWI second offense, the district court declared a mistrial. Hebron later pleaded guilty to OWI first offense, in violation of Iowa Code section 321J.2.

Hebron challenges all three convictions on appeal. First, she argues her counsel was ineffective in allowing her to plead guilty given her mental condition. Second, she contends the district court erred in denying her motion for new trial on the two assault counts. On the guilty plea claim, because Hebron fails to show her attorney breached a material duty or that she suffered prejudice as a result of his performance, we reject her allegation of ineffective assistance of counsel. In regard to the motion for new trial, we conclude Hebron has waived error on a weight-of-the-evidence claim under Iowa Rule of Criminal Procedure 2.24(2)(b)(6) by failing to argue the correct evidentiary standard on appeal. To the extent Hebron is raising a sufficiency-of-the-evidence challenge, we find substantial evidence supports the jury's assault verdicts. Accordingly, we affirm.

## I.      Background Facts and Proceedings

After Hebron's August 19, 2012 car crash and trip to the hospital, the State filed a trial information charging her with four counts:

> Count I: Operating a motor vehicle while under the influence of alcohol or drug, second offense, in violation of Iowa Code section 321J.2.
> Count II: Assault on a healthcare provider causing injury, in violation of Iowa Code section 708.3A(3), relating to the assault of nurse Patrice Herrera.
> Count III: Assault on a healthcare provider, in violation of Iowa Code section 708.3A(4), relating to the assault of Dr. James Swegle.
> Count IV: Assault causing bodily injury, in violation of Iowa Code section 708.2(2), relating to the assault of Ruby Highland.

Before trial, Hebron successfully moved to suppress the law enforcement report indicating she had refused to submit to chemical testing. During Hebron's treatment at the hospital, she was too combative to safely allow a technician to draw a blood sample.

Her jury trial began on March 5, 2014. Dr. Swegle, a trauma surgeon, testified he treated Hebron the night of the crash. He had no doubt she was intoxicated. Dr. Swegle testified that during their interaction in the emergency room, Hebron struck his face with a closed fist. Nurse Patrice Herrera also testified to tending to Hebron in the emergency room. The nurse shared the doctor's opinion that Hebron was under the influence of alcohol that night. Herrera testified Hebron scratched her face, leaving an abrasion below her eye, and bit her thumb. The nurse viewed the contact with Hebron as offensive and injurious, and not inadvertent. Nurse Herrera also told the jury that Hebron

kicked security guard Highland while the guard was trying to hold the patient down.

On March 12, 2014, the jury found Hebron guilty of two serious misdemeanors: assault on a health care provider, without causing injury, in the count involving nurse Herrera (a lesser included offense of the count charged) and assault on a health care provider, as charged, in the count involving Dr. Swegle. The jury acquitted Hebron of the assault against the security guard and could not reach a verdict on the OWI second count, resulting in a mistrial.

On May 16, 2014, the parties appeared before the court and indicated they had reached a plea agreement on the remaining count. In return for Hebron's guilty plea, the State agreed to reduce the charge to OWI first offense; the parties were free to recommend any disposition. The district court conducted a complete plea colloquy with Hebron and accepted her plea of guilty.

Hebron appeared for sentencing on July 15, 2014. Before the court could pronounce sentence, while sitting at counsel table in the courtroom, Hebron swallowed a handful of prescription Xanax. The court ordered Hebron into custody and directed jail staff to arrange any necessary medical care. After reconvening for sentencing on July 18, 2014, the court imposed a suspended two-year sentence for the assaults and a concurrent 180-day jail term for the OWI conviction. Hebron now appeals.

## II.   Scope and Standards of Review

We review de novo Hebron's claim she received ineffective assistance of counsel at the plea hearing. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa

2013). We apply the de novo standard because her claim is based in the Sixth Amendment. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We evaluate claims of ineffective assistance using a two-part test. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding defendant must show counsel's representation fell below an objective standard of reasonableness and a different result was reasonably probable but for counsel's unprofessional errors). While we often preserve ineffective-assistance claims for postconviction-relief proceedings, we will decide them on direct appeal if the record is adequate to do so. *Finney*, 834 N.W.2d at 49.

We apply an abuse-of-discretion standard to the denial of a motion for new trial. *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). We allow district courts "wide discretion" in deciding new trial motions alleging the verdict is contrary to the weight of the evidence under rule 2.24(2)(b)(6). But, at the same time, we caution courts to exercise that discretion "carefully and sparingly" so that they do not lessen the role of juries as the principal fact finders. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). By contrast, the denial of a motion for judgment of acquittal requires us to examine the sufficiency of the evidence supporting the jury's verdict. *Nitcher*, 720 N.W.2d at 556. We review challenges to the sufficiency of the evidence for errors at law. *Id.*

## III. Analysis of Hebron's Challenges

### A. Ineffective Assistance of Counsel at Guilty Plea Hearing

A guilty plea is a serious act that a defendant must do voluntarily, knowingly, and intelligently with an awareness of the relevant circumstances and

consequences. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). We evaluate guilty plea challenges based on ineffective assistance of counsel under the two-part *Strickland* test. *Hill*, 474 U.S. at 57. To satisfy the performance prong, a defendant must show her counsel's performance fell below the benchmark of a reasonably competent practitioner. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To satisfy the prejudice prong in a guilty plea case, a defendant must show a reasonable probability that but for counsel's error, she would not have pleaded guilty and would have insisted on going to trial. *Id.* at 138.

Hebron argues she was not afforded effective assistance of counsel because her attorney allowed her to enter a guilty plea which was not knowing, voluntary and intelligent. Hebron does not attack the adequacy of the court's colloquy, but instead claims her attorney "could not adequately explain things to her prior to the guilty plea she entered because of her brain injury and the medications she was taking."

The plea transcript belies Hebron's claim that her attorney breached a material duty in allowing her to enter a guilty plea. In the following exchange, Hebron told the court that she was taking medication that enabled her to understand the proceedings:

> THE COURT: Are you under the care of a doctor, psychiatrist, or psychologist at this time?
> THE DEFENDANT: Yeah.
> THE COURT: And which of those three, or all three?
> THE DEFENDANT: Psychiatrist and I believe—just a psychiatrist.
> THE COURT: Are you being prescribed psychotropic medications by this psychiatrist?

THE DEFENDANT: Abilify is one of my prescriptions that I'm taking. And Abilify is one of the medications, and I'm up to date on taking that. It's for bipolar. And Cymbalta, starts with a C, for depression.

THE COURT: And have you taken those prescriptions as prescribed by your psychiatrist?

THE DEFENDANT: Yes, I have.

THE COURT: And do they, either the Cymbalta or the Abilify, in any way affect your ability to think with a clear mind as you appear before me today?

THE DEFENDANT: It helps me think with a clearer mind.

THE COURT: And do you believe you are thinking with a clear mind as you appear before me today?

THE DEFENDANT: Yes.

The court also asked Hebron if she was satisfied with the advice and services of her attorney at the plea hearing, and she responded that she was. She told the court she was pleading guilty voluntarily and of her own free will. She also told the court her attorney had complied with all of her requests in connection with the defense of the OWI case. When asked to describe what she did "back on August 19, 2012" to be charged with OWI, Hebron told the court she purchased "a bottle of Fireball" whiskey and drank all but one shot of it before driving her vehicle. Based on this record, we conclude a competent criminal defense attorney could have reasonably believed the defendant was capable of entering a knowing, voluntary, and intelligent plea. Hebron does not establish her counsel's performance fell below that of a reasonably competent practitioner.

On the prejudice prong, Hebron does not assert in her opening appellant's brief that but for trial counsel's deficient performance, she would not have pleaded guilty and would have insisted on going to trial. Hebron does assert in her reply brief that "but for feeling duress to enter this plea" she would have "gone to a second trial and prevailed on the OWI charge." But that assertion

comes too late. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("[W]e have long held that an issue cannot be asserted for the first time in a reply brief."). Moreover, we see nothing in her responses during the plea record that would support an allegation of duress.

Because Hebron can satisfy neither prong of the *Strickland* test, we reject her claim of ineffective assistance of counsel in connection with her guilty plea to OWI first offense.

### B.     Motion for New Trial

Hebron next argues the district court erred in denying her motion for new trial on the two counts of assault against her healthcare providers. Both in the trial court and on appeal, Hebron's attorneys confuse the standards for assessing weight and sufficiency of the evidence. Hebron's trial counsel filed a motion for new trial alleging the court erred in "not granting the motion for judgment of acquittal on Counts II and III based on the lack of sufficient evidence proving specific intent to commit an assault." At the time of the new trial motion, the district court could not reconsider its ruling on the motion for judgment of acquittal. *See State v. Smith*, 195 N.W.2d 673, 674 (Iowa 1972) (motion for judgment notwithstanding the verdict is not recognized in Iowa criminal practice). Under rule 2.24(2)(b)(6), the district court did have discretion to grant a new trial if the verdict was contrary to the weight of the evidence. *State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). Despite trial counsel's misstatement of the standard, the district court ruled the verdicts were not contrary to the weight of the evidence.

On appeal, Hebron's counsel targets the court's denial of the motion for new trial in the issue heading but cites only case law discussing the sufficiency of the evidence in the body of the brief. *See, e.g.*, *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012); *Nitcher*, 720 N.W.2d at 556;[1] *State v. Webb*, 648 N.W.2d 72, 75 (Iowa 2002). Hebron's appellate counsel mentions rule 2.24(2)(b)(6) but does not discuss the weight-of-the-evidence standard. Because Hebron does not advance an argument that the jury's assault verdicts were contrary to the weight of the evidence, we deem that issue waived in this appeal. *See State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (citing Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant to present arguments and supportive authority in appeal brief and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue")).

To the extent Hebron has preserved a claim regarding the sufficiency of the evidence for her assault convictions, we will address that issue here. We uphold verdicts if they are supported by substantial evidence. *State v. Keeton*, 710 N.W.2d 531, 532 (Iowa 2006). We consider evidence to be substantial if it would convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *Id.* We view the evidence in the light most favorable to the verdicts, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence. *Id.*

---

[1] *Nitcher* actually addresses both a sufficiency issue and a weight-of-the-evidence issue, but Hebron's pinpoint cite is to the sufficiency analysis.

Hebron points out that assault is a specific-intent crime and argues the State did not prove she intended to harm nurse Herrera or Dr. Swegle[2]–given her "heightened emotional state" following the car crash.

When viewing the evidence in the light most favorable to the verdicts, we find substantial evidence to uphold the jury's finding that Hebron had specific intent to assault her health care providers. Witness Ruby Highland testified Hebron threatened to "hunt down Patrice [Herrera] and kill her." Hebron also was cursing the medical staff. Nurse Herrera testified Hebron looked right at her before grabbing and scratching her face. Hebron also moved her head into a position so that she could bite the nurse's thumb. Dr. Swegle testified Hebron punched him in the face with a closed fist, suggesting more than an inadvertent blow as she was flailing in the bed. The jury was entitled to view these as deliberate acts, committed with specific intent to either cause the health care providers pain or injury; or to result in physical contact which would be insulting or offensive; or to place the providers in fear of immediate physical contact that would be painful, injurious, or offensive. *See* Iowa Code § 708.1(2). Under this record, substantial evidence existed to support the jury's verdicts on assault.

**AFFIRMED.**

---

[2] Hebron argues for the first time on appeal that Dr. Swegle did not identify her as his assailant during his testimony. Because identity was a not a basis for the motion for judgment of acquittal at trial, that ground is not preserved for appeal. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal.").