HARBER v. McKEOWN et al.

No. 31620.   March 27, 1945.

*157 P. 2d 753.*

Pryor & Wallace, of Wewoka, for plaintiff in error.

D. D. Brunson and J. B. Gilbreath, both of Ada, for defendants in error.

PER CURIAM. On November 8, 1937, in an action then pending in the district court of Coal county for a money judgment and the foreclosure of real estate mortgage on certain lands situate in said county, J. N. Harber recovered a judgment against Tom D. McKeown and his then wife, Anna J. McKeown. No order of sale was ever issued on said

judgment. The said Anna J. McKeown departed this life on June 8, 1940. Thereafter, on May 13, 1942, the said J. N. Harber caused an abstract of the judgment of the district court of Coal county to be filed in the office of the court clerk of Pontotoc county and there entered on the judgment docket of the district court of said county. Thereafter, on July 23, 1942, said Tom D. McKeown married again. Thereafter, on November 4, 1942, execution was issued out of the office of the court clerk of Coal county and directed to the sheriff of Pontotoc county for service. On motion of Tom D. McKeown said execution was ordered recalled pending determination by the court of the question of whether the death of the said Anna J. McKeown and the failure of judgment creditor to revive the judgment in one year thereafter had operated to render the judgment dormant. A hearing was had upon the motion but no decision was rendered thereon; the court took the matter under advisement. Thereafter, on June 24, 1943, Tom D. McKeown filed a motion in the foreclosure action in the district court of Coal county to have that court declare certain property, which he and his former wife had acquired in the city of Ada, Pontotoc county, in 1928, and had thereafter occupied as a home until her death and which he had continued to occupy as his home both before and after his subsequent marriage, to be a homestead exempt from execution and to remove the cloud which the abstracting of said judgment to Pontotoc county had cast on said property and to quiet title to said property as against any lien, real or apparent, created by the entry of the aforesaid judgment on the judgment docket of Pontotoc county. The parties appeared without objection in the district court of Coal county and presented their evidence in support of and in opposition to the motion so filed and the relief sought to be obtained in said court. The district court of Coal county was of the opinion that it had jurisdiction to grant the relief sought and rendered judgment in favor of said Tom D. McKeown for the removal of the cloud

of said judgment on the real estate in Ada, Pontotoc county, and quieted the title of the said Tom D. McKeown thereto as against any lien created by said judgment. The judgment so rendered, that is, for the removal of the cloud on and quieting title to said property, is the one which we are now called upon to review.

The plaintiff in error and defendant in error both ask us to decide whether the trial court correctly held that the real estate in Pontotoc county constituted the homestead of Tom D. McKeown, and therefore property exempt from execution or forced sale, but neither of the parties discusses the jurisdiction of the district court of Coal county to entertain the motion filed in the original foreclosure action for the purpose of removing the cloud which had been cast on the property of Tom D. McKeown in Pontotoc county by the docketing of said judgment in that county and of the power and authority of the district court of Coal county to quiet title to said property as against the lien or apparent lien of said judgment on the property in said county. That it is the duty of this court to inquire into its own jurisdiction, as well as the jurisdiction of the court from which the appeal is taken, whether presented by the parties or not, is too thoroughly settled to require any extensive discussion or citation of authorities. See Jones v. Norris, 185 Okla. 125, 90 P. 2d 403; Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025.

It is necessary, therefore, to inquire whether the district court of Coal county had jurisdiction on motion of the defendant in the foreclosure action previously pending in said court to inquire into the title of the defendant's land not involved in said action but situate outside of the territorial jurisdiction of said court, and to remove any cloud on said real estate and to quiet title of the defendant thereto as against any lien which had theretofore been created by the docketing of said judgment in the aforesaid Pontotoc county. By virtue of the statute (12 O.S. 1941 § 131) it is provided as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section.

"1st. For the recovery of real property, or of any estate, or interest therein, or the determination in any form of any such right or interest. . . .

"4th. To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

Where the judgment is one in rem as distinguished from one in personam, the foregoing statute is controlling. See Sharp v. Sharp, 65 Okla. 76, 166 P. 175. In the judgment which has been brought here the district court of Coal county undertook to exercise control over the res and in so doing exceeded its territorial jurisdiction, and hence its judgment constituted one coram non judice and void.

In view of the situation thus presented we do not discuss the validity of the claim of homestead exemption, as it is not properly before us. The trial court should have dismissed the action for lack of jurisdiction.

Order vacated, with directions to dismiss the proceeding.