CRANE *v.* CEDAR RAPIDS & IOWA CITY
RAILWAY CO.

No. 791.   Argued April 24, 1969.—Decided May 26, 1969.

*E. Barrett Prettyman, Jr.,* argued the cause for petitioner. With him on the briefs were *John B. Halloran* and *James L. Alfveby.*

*William M. Dallas* argued the cause for respondent. With him on the brief was *John F. Gaston.*

*Edward J. Hickey, Jr.,* and *James L. Highsaw, Jr.,* filed a brief for the Railway Labor Executives' Assn. as *amicus curiae* urging reversal.

MR. JUSTICE BRENNAN delivered the opinion of the Court.

The question in this case is whether a State may make the defense of contributory negligence available to a railroad sued by a nonemployee for damages for personal injuries caused by the railroad's failure to maintain its freight cars "with couplers coupling automatically by impact," as required by § 2 of the Federal Safety Appliance Act of 1893, 27 Stat. 531, 45 U. S. C. § 2.[1]

Petitioner was in the employ of Cargill, Inc., at its Cedar Rapids, Iowa, meal house and elevator on the line of respondent railroad. Petitioner's duties were to move, weigh, and load freight cars spotted by respondent on Cargill's siding track. He was working on the top of the third of a string of six cars when a coupler malfunctioned and caused the first two cars to break away. Petitioner dismounted and ran to the runaway cars. He climbed to the roof of one and was attempting to apply its brake when he fell 12 to 14 feet to a cement apron between the tracks and suffered severe injuries. He brought this action in tort in the Iowa District Court of Linn County. The only claim submitted to the jury was that petitioner's injuries resulted from respondent's maintenance, in violation of § 2, of a freight car with a defective coupler. Over petitioner's objection the jury was instructed in accordance with settled Iowa tort law that it was petitioner's burden "to establish by a preponderance or the greater weight of

---

[1] Section 2 of the Safety Appliance Act provides:

"It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." 45 U. S. C. § 2.

the evidence . . . that [he] was free from contributory negligence," defined as "negligence on the part of a person injured . . . which contributed in any way or in any degree directly to the injury." The jury returned a verdict for respondent railroad. The Supreme Court of Iowa affirmed, —— Iowa ——, 160 N. W. 2d 838 (1968). We granted certiorari. 393 U. S. 1047 (1969). We affirm.

The Safety Appliance Act did not create a federal cause of action for either employees or nonemployees seeking damages for injuries resulting from a railroad's violation of the Act. *Moore* v. *C. & O. R. Co.*, 291 U. S. 205 (1934). Congress did, however, subsequently provide a cause of action for employees: The cause of action created by the Federal Employers' Liability Act of 1908, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.*, embraces claims of an employee based on violations of the Safety Appliance Act. In such actions, the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence, *O'Donnell* v. *Elgin, J. & E. R. Co.*, 338 U. S. 384 (1949); *Coray* v. *Southern Pac. R. Co.*, 335 U. S. 520 (1949); *Affolder* v. *New York, C. & St. L. R. Co.*, 339 U. S. 96 (1950). He is not required to prove common-law proximate causation but only that his injury resulted "in whole or in part" from the railroad's violation of the Act, 45 U. S. C. § 51; *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500 (1957), and the railroad is deprived of the defenses of contributory negligence and assumption of risk, 45 U. S. C. §§ 53, 54.

In contrast, the nonemployee must look for his remedy to a common-law action in tort, which is to say that he must sue in a state court, in the absence of diversity, to implement a state cause of action. *Fairport, P. & E. R. Co.* v. *Meredith*, 292 U. S. 589 (1934). "[T]he right to recover damages sustained . . . through the breach of

duty sprang from the principle of the common law . . . and was left to be enforced accordingly . . . ." *Moore* v. *C. & O. R. Co., supra,* at 215. In consequence, we have consistently held that under the present statutory scheme the definition of causation and the availability of the defenses of assumption of risk and contributory negligence are left to state law. *Schlemmer* v. *Buffalo, R. & P. R. Co.,* 220 U. S. 590 (1911); *Fairport, P. & E. R. Co.* v. *Meredith, supra,* at 598; *Moore* v. *C. & O. R. Co., supra,* at 215; *Tipton* v. *Atchison, T. & S. F. R. Co.,* 298 U. S. 141 (1936). Our examination of the relevant legislative materials convinces us that this line of decisions should be reaffirmed.[2]

We recognize the injustice of denying recovery to a nonemployee which would not be denied to an employee performing the same task in the same manner as did petitioner.[3] But it is for Congress to amend the statute to prevent such injustice. It is not permitted the Court to rewrite the statute.

*Affirmed.*

MR. JUSTICE BLACK, with whom THE CHIEF JUSTICE and MR. JUSTICE DOUGLAS join, dissenting.

Congress, not the States, passed the Federal Safety Appliance Act of 1893, 27 Stat. 531, 45 U. S. C. § 1 *et seq.* Consequently, I think the question of a railroad's liability to a person injured by a violation of that Act is a federal, not a state, question. Although it is true that several old cases, cited by the Court, gave the Safety Appliance Act a different interpretation, and left injured workers to

---

[2] In addition to the Federal Safety Appliance Act and the Federal Employers' Liability Act, see H. R. Rep. No. 1386, 60th Cong., 1st Sess., 6 (1908).

[3] See Louisell & Anderson, The Safety Appliance Act and the FELA: A Plea for Clarification, 18 Law & Contemp. Prob. 281 (1953).

whatever remedies they might have under state law, the premises of these old decisions have been thoroughly and I think properly discredited. See *J. I. Case Co.* v. *Borak,* 377 U. S. 426 (1964).

The Federal Employers' Liability Act of 1908, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* allows railroad employees injured by violations of the Safety Appliance Act to recover against their employer, and contributory negligence of the employee is not a defense. I cannot believe that Congress intended that contributory negligence should become a defense simply because the action is brought by a nonemployee, when an employee doing the same work and subjected to the same violation of the Safety Appliance Act could clearly recover. For this reason I would hold that under federal law contributory negligence is not a defense in this case and reverse the judgment of the Iowa Supreme Court.