Julius **KOHLER** et al., Appellants,

v.

Frank H. **CLARK** et al., Appellees.

No. 45984.

Court of Appeals of Oklahoma,
Division No. 2.

Oct. 16, 1973.

Rehearing Denied Dec. 5, 1973.

Certiorari Denied March 26, 1974.

Released for Publication by Order of the Court of Appeals, Sept. 12, 1974.

Jon Belanger, Dale, Belanger & Wright, Guymon, for appellants.

No briefs filed by appellees; submitted for adjudication on brief in chief by appellants.

NEPTUNE, Judge.

This action was commenced by petitioners (appellants) against five individual respondents and the Oklahoma Water Resources Board alleging that petitioners were aggrieved by a final order issued by the Board on December 12, 1967, which determined vested water rights and priorities among the individual parties. The parties other than the Board are riparian owners on the Cimarron stream system in Cimarron County. Petitioners allege that their own irrigation water rights listed in the order under priority number 19 were superior to those of respondents whose numbers were 1, 2, 3, 4, and 6 respectively. Petitioners pleaded that despite the fact that respondents' initiation of use predated that of petitioners by many years, respondents had lost their priorities over petitioners because of extensive periods of nonuse by respondents. The rights and priorities accorded in the Board's order were as follows:

| Priority No. | Claimant's Name | Date of Initiation | Acreage Irrigated | Acre/ft Water Allotted |
|---|---|---|---|---|
| 1 | Clark | 1898 | 140 | 305 |
| 2 | Vincent | 1899 | 26 | 52 |
| 3 | Benton | 1903 | 53 | 106 |
| 4 | Labrier | 1904 | 52 | 104 |
| 6 | Strong | 1916 | 40 | 80 |
| 19 | Kohler (appellants) | 1932 | 1240 | 2480 |

The trial court conducted an extensive hearing. Its judgment struck from the Board's order priority number 6, affirmed priority number 2, modified priority number 3 to make it date from 1967, modified priority number 4 so it would date from

1968, and held that as between petitioners and the holder of priority number 1, the priorities were "co-equal." From this judgment, petitioners Kohler appeal.

Appellants' first proposition asserts that:

"In an action to determine priorities of water rights and whether or not they were properly granted, the law does not sustain the finding that water rights are co-equal, and such a finding is error."

Proposition 2 is:

"The evidence shown in this case indicates that the water right of Frank H. Clark was not used from 1914 to 1932 nor was it used from 1943 to 1953 and that the failure to so use would be abandonment of any water right and that this right could not be vested above one which had had continuous use since 1932."

The subject matter is fascinating (see the recent series of articles by Professor Joseph Rarick, 22 Okl.L.Rev. 1 (1969), 23 Okl.L.Rev. 19 (1970) and 24 Okl.L.Rev. 1 (1971) ), and the issues involved in the merits of the case are intriguing, encouraging a discourse fully dealing with them, but we find we must dispose of this appeal on other grounds.

Prior to trial, the Board (through the Attorney General) and the individual respondents moved to dismiss the action asserting that (a) the Oklahoma Water Resources Board is subject to the Oklahoma Administrative Procedure Act; (b) the Act allows petitioners 30 days to file an appeal from the time they are notified of the final order (75 O.S.1971 §§ 317, 318); (c) the order was made December 9, 1967, and delivered December 21, 1967, and thus January 20, 1968, is the latest date the order could be questioned; (d) the summons was not issued until February 9, 1968, and that therefore the appeal was not timely filed and should be dismissed.

Appellants filed a response to the motions to dismiss and attached "Exhibit A," a letter signed by the acting director of the agency advising that there are 60 days within which to perfect an appeal from determinations of vested water rights.

The trial court denied the motions to dismiss holding that appellants could proceed under either the Administrative Procedure Act which allows 30 days to file an appeal or under 82 O.S.1971 § 5 which allows 60 days to file an appeal. As may be seen, the appeal was too late to come within the period allowed under the Administrative Procedure Act (Title 75) but was within the time allowed under Title 82 (Waters and Water Rights).

Was the provision for 60 days appeal time as prescribed by 82 O.S.1971 § 5 in force at the time of appellants' appeal? We think it was not, and that the appeal was too late.

Briefs filed in the trial court and made a part of the record, along with pertinent research, show that the 29th Legislature on June 10, 1963, passed the act now codified as 82 O.S.1971 § 5 with emergency clause, and the act became effective June 19, 1963, upon approval of the governor. The Administrative Procedure Act, now codified as 75 O.S.1971 §§ 301–327, was by the same legislature enacted and later approved by the governor on June 25, 1963. The Administrative Procedure Act applies to any state board other than those specifically excluded. The Water Resources Board is not excluded. Section 318 of the Act provides the time within which an appeal may be taken, specifying 30 days from the time appellant is notified of the order. The Act contains the general repealer that "[a]ll laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict." 75 O.S.1971 § 327.

■ Where two statutes are inconsistent and repugnant, the latest expression of legislative will is held to prevail and to re-

peal the repugnant provision of the earlier statute. Anderson Hotels v. Baker, 190 F. 2d 741 (10th Cir. 1951); Ex Parte Burns, 88 Okl.Cr. 270, 202 P.2d 433 (1949). It is clear that the information or advice given by the agency was erroneous and that the 60 days appeal time provided by § 5 was no longer in force.

If this matter were one strictly between the agency and appellants, and third parties were not involved, it would seem appropriate that the law accommodate appellants. But numerous other persons who may have sought legal advice and been correctly informed that they had only 30 days to appeal were affected by the establishment of the priorities and rights, and in this circumstance we think the strict letter of the law must be applied. Also, public policy requires that an official of an administrative agency cannot, by erroneous statements of law, bind either the State or interested third parties. Were it otherwise, officials would be able to amend laws by giving erroneous interpretations of the law, and the pronouncements of agency officials would be superior and paramount to enactments of our legislature.

The motions to dismiss were in the nature of a challenge to the jurisdiction, because in the trial court this proceeding was in essence an appeal from the Board's order. When an appeal is not timely filed the appellate court (in this case the trial court) lacks jurisdiction to entertain the cause. Garrison v. State, Okl., 420 P.2d 474 (1966). And where a trial court lacks jurisdiction to enter a judgment, the case may be reversed on appeal and the trial court directed to dismiss the action. Harber v. McKeown, 195 Okl. 290, 157 P.2d 753 (1945).

Reversed with directions that the trial court vacate the judgment and dismiss the action.

BRIGHTMIRE, P. J., and BACON, J., concur.

