Johnny CLARK, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY, a corporation, Defendant.

No. 79 C 4751.

United States District Court, N. D. Illinois, E. D.

April 25, 1980.

Richard L. Kumlin, Ltd., Chicago, Ill., for plaintiff.

Stephen C. Carlson, James W. Kissel, Sidley & Austin, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

The questions presented on this motion concern the timeliness of this action under the Federal Employers' Liability Act

(FELA), 45 U.S.C. § 51–60,[1] and the relation back provisions of Fed.R.Civ.P. 15(c). Jurisdiction is predicated on 45 U.S.C. § 56.

Plaintiff filed his original complaint on November 13, 1979 against Southern Railway System, seeking damages for injuries sustained during the course of his employment. The injuries allegedly occurred on November 14, 1976.

Plaintiff attempted to serve Southern Railway "Systems" three times. Southern Railway Company filed uncontested motions to quash asserting that no legal entity named Southern Railway System or Southern Railway Systems existed. This Court granted those motions.

Plaintiff then filed a motion to reconsider the order quashing the second and third attempts at service of process. The Court denied that motion, but granted plaintiff leave to file an amended complaint.

The amended complaint, which was filed on January 31, 1980, contains the same allegation as the original, but names Southern Railway Company as the defendant. Southern Railway Company (hereinafter defendant) now moves to dismiss plaintiff's action on the ground that it was not commenced within the limitations period specified by the FELA. 45 U.S.C. § 56.

Section 56 provides that "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. Since the cause of action is deemed to accrue on the date of the injury, *Deer v. New York Central R. R.*, 202 F.2d 625, 628 (7th Cir. 1953), this case had to be initiated on or before November 13, 1979. Therefore, unless the amended complaint meets Fed.R.Civ.P. 15(c)'s relation back requirements, plaintiff is barred from maintaining this action.

Both in cases involving misnomer, *Montalvo v. Tower Life Building,* 426 F.2d 1135 (5th Cir. 1970), and change of parties, *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973), under Rule 15(c), three prerequisites must be established in order to find that the amendment relates back to the original pleading. *Ingram v. Kumar,* 585 F.2d 566, 570 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). First, the amended claim must arise out of the same transaction or occurrence as the original claim. Second, the party named in the amended pleading must receive, within the period provided by law for commencing the action against him, such notice of the commencement of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the party named in the amended pleading must have known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In this case, Rule 15(c)'s first and third requirements have been established. Except for the change in defendant's name, the amended and original complaints are identical. It is also clear that Southern Railway Company knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. Plaintiff was employed by Southern Railway Company, and the Company received doctors' reports concerning plaintiff's injuries. Moreover, the original complaint was sent by certified mail and received in the defendant's Chicago sales office ten days after the complaint was filed.

Defendant's arguments focus on Rule 15(c)'s second requirement. Defendant asserts that the amended complaint does not

---

1. Counts II and III seek relief under the Federal Safety Appliance Act, 45 U.S.C. §§ 1–16, and the Federal Boiler Inspection Act, 45 U.S.C. §§ 22, 23 and 28-34. Those statutes, however, do not create private causes of action, *Crane v. Cedar Rapids & Iowa City Ry.*, 395 U.S. 164, 166, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969); *Dobb v. Baker*, 505 F.2d 1041, 1044 (1st Cir. 1974), but must be read in conjunction with the FELA. *See Baltimore & Ohio R. R. v. Groeger*, 266 U.S. 521, 528, 45 S.Ct. 169, 172, 69 L.Ed. 419 (1925); *McCarthy v. Pennsylvania R. R.*, 156 F.2d 877, 879-80 (7th Cir. 1946), *cert. denied*, 329 U.S. 812, 67 S.Ct. 635, 91 L.Ed. 693 (1947). Thus, the limitations period for bringing an action under the FELA, 45 U.S.C. § 56, applies to all counts of the complaint.

relate back to the original filing date because defendant did not receive notice of the action until November 23, 1979, ten days after the expiration of the limitations period.

■ In *Ingram v. Kumar*, 585 F.2d 566 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), the court held that Rule 15(c)'s requirement that notice be received within the period provided by law for commencing the action includes the reasonable time allowed under the federal rules for service of process. In so doing, the court reasoned that by applying a literal interpretation to the phrase "within the period provided by law for commencing the action against him," a misnamed defendant would be entitled to earlier notice than he would have received had he been properly named in the original complaint.

■ The *Ingram* decision is compelling in light of Rule 15's general admonition that "leave [to amend] shall be freely given when justice so requires" and the particular facts of this case. Although the original complaint named Southern Railways Systems as defendant, it was sent by certified mail to the defendant's Chicago sales office, where it was received on November 23, 1979. Thus, defendant had notice of the action within ten days of its commencement.[2] Moreover, some confusion about defendant's proper name is understandable since "Southern Railway System" appears on defendant's business papers such as letterheads, payroll checks and work rules as well as its advertising.

Accordingly, since defendant was notified of the action within the time period allowed by law for commencing an action, the amended complaint relates back; the action is not barred by the limitations period. Defendant's motion to dismiss is denied.

2. Plaintiff contends that defendant had notice of the action as early as March of 1979 when it received a Notice of Attorney's Lien. However, plaintiff's Exhibit B which is an acknowledgement of receipt of the Notice of Attorney's

Lien also states that plaintiff denied that Mr. Kumlin represented him. A resolution of whether these conflicting facts constitute sufficient notice is obviated by the decision here.