Terry KEIZOR, Appellant,

v.

SAND SPRINGS RAILWAY COMPANY, Appellee.

No. 79527.

Court of Appeals of Oklahoma, Division No. 3.

May 11, 1993.

Rehearing Denied June 22, 1993.

Certiorari Denied Sept. 15, 1993.

F. Terrill Corley and James K. Deuschle, Tulsa, for appellant.

Jo Anne Deaton and William S. Leach, Tulsa, for appellee.

## OPINION

HUNTER, Judge:

Appellant's husband, Billy Lee Keizor, was accidentally killed during the course of his employment with Sheffield Steel Corporation (Sheffield) of Sands Springs, Oklahoma. Mr. Keizor was fatally injured when he tried to manually couple Sheffield-owned rail cars, a procedure necessitated because the automatic couplers had failed to engage. The Sheffield rail cars were only used on the 160 acre Sheffield industrial site and only used by Sheffield workers. Appellee owns the track upon which the Sheffield cars ride, but Sheffield maintains the track.

Appellant brought suit in the District Court of Tulsa County alleging Appellee was strictly liable in damages for the death of her husband, based on 45 U.S.C. § 1 et seq. (1988), called the "Safety Appliance Act" (SAA), based on the belief that because Appellee owned the track, then the accident happened on Appellee's line for purposes of the Act.[1] Appellee objected and defended before and during the trial on several grounds, including Appellant's lack of a private right of action under the SAA and that any state common law action Appellant might have had was preempted by the Federal Rail Safety Act (1970), 45 U.S.C. § 431 et seq.

The matter was nonetheless tried to a jury which returned a verdict in favor of Appellee. Appellant raises several issues for review which we decline to address because we find the Appellant was not a proper person to bring a lawsuit pursuant to the Safety Appliance Act because that statute does not afford her a private cause of action. For that reason, the court lacked jurisdiction over the case.

### Standards of Review

■ The court lacks jurisdiction over a matter if the plaintiff has no right to prosecute the action. *Mid–Continent Pipeline Co. v. Wilkerson*, 200 Okl. 335, 193 P.2d 586 (1948). The issue of jurisdiction being fundamental and primary, the appellate court, as should the trial court, inquires into and answers in every case the question whether it has jurisdiction. *Harber v. McKeown*, 195 Okl. 290, 157 P.2d 753 (1945). Because the question of jurisdiction is fundamental, we may address it even when the parties to the appeal do not raise the issue. *Mid–Continent*, 193 P.2d at 588, citing *Harber v. McKeown*, supra. If a court exercises control over a case when it lacks jurisdiction over the subject, the judgment is void and the appellate court must vacate the order and remand the matter with directions to dismiss. *Harber*, 157 P.2d at 755.

■ Legislative intent is an issue of law, not fact. *Claridge v. New Mexico State Racing Commission*, 107 N.M. 632, 763 P.2d 66 (1988). We examine the case independently and without deference to the rulings of the trial court. *Salve Regina College v. Russell*, 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

■ The Safety Appliance Act is a regulatory, or public, law. Where public-law issues are involved, the appellate court may consider them upon theories not presented below. *Davis v. Davis*, 708 P.2d 1102 (Okl. 1985).

### Concurrent Jurisdiction

■ Claims under the Safety Appliance Act, 45 U.S.C. § 1 et seq. may be tried in

---

1. 45 U.S.C. § 11 (1988)—On and after July first, nineteen hundred and eleven, it shall be unlawful for any railroad subject to the provisions of this Act [45 USCS §§ 11–16] to haul, or permit to be hauled or used on its line, any car subject to the provisions of this Act [45 USCS §§ 11–16] not equipped with appliances after July first, nineteen hundred and eleven, provided for in this Act [45 USCS §§ 11–16], to wit: All cars must be equipped with secure sill steps and efficient hand brakes; all cars requiring secure ladders and secure running boards shall be equipped with such ladders and running boards, and all cars having ladders shall also be equipped with secure handholds or grab irons on their roofs at the tops of such ladders: Provided, That in the loading and hauling of long commodities, requiring more than one car, the hand brakes may be omitted on all save one of the cars while they are thus combined for such purpose.

state district court. The United States Supreme Court, in *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), in addressing the concurrent jurisdiction question stated: "We start with the premise that nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law". Exclusive federal jurisdiction is the exception, not the rule. Rail employees have brought suit in Oklahoma pursuant to the Safety Appliance Act. Rail employees, however, have a key which opens the door to the protection of the Safety Appliance Act for them. The Federal Employers' Liability Act of 1908, as amended, (FELA), 45 U.S.C. §§ 51 et seq., specifically creates a right of private action for injury or death in rail employees or certain members of their families. In pertinent part, FELA states: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; ..." Consequently, when a Safety Appliance Act cause of action is brought in state court, the Plaintiff is given a private cause of action by virtue of the Federal Employers' Liability Act. *Faulkenberry v. Kansas City Southern Ry. Co.*, 661 P.2d 510 (Okl.1983). It is clear that only employees of the railroad are given this right.

### Private Cause of Action

■ The Safety Appliance Act does not create a cause of action for either employees of the railroad or nonemployees. *Crane v. Cedar Rapids & Iowa City Railway Co.*, 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969). After the adoption of the Act, Congress provided a cause of action for employees, FELA. The nonemployee must look for his cause of action in common law, and absent diversity jurisdiction, must look to state law in state court for a remedy. *Crane*, at 166, 89 S.Ct. at

1708. The *Crane* court observed the apparent injustice in allowing a strict liability statute and its remedies to be available to employees of the railroad, but not others. The court stated, at 167, 89 S.Ct. at 1708, "But it is for Congress to amend the statute to prevent such injustice. It is not permitted the Court to rewrite the statute". The statute was last amended in 1988, but Congress did not create a right of action for nonemployees.

The Safety Appliance Act is a public protection statute. If a railroad is in violation of the Act, the Secretary of Transportation may impose a monetary penalty against the railroad or, in some cases, against individuals. 45 U.S.C. § 13 (1988). This section explicitly states that it cannot be construed to relieve the person, a term defined as meaning the rail company as well as individuals, from liability for remedial action for the death or injury of any railroad employee caused by violation of the Safety Appliance Act.

### Implying a Private Cause of Action

■ Because we are dealing with federal law, we answer the questions posed in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to determine whether a private cause of action may be implied when a private remedy is not expressed in the statute. Those factors are: (1) is the plaintiff one of the class for whose especial benefit the statute was enacted? (2) is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? (3) is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for plaintiff; and (4) is the cause of action one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law? Oklahoma adopted the *Cort v. Ash* test in *Holbert v. Echeverria*, 744 P.2d 960 (Okl. 1987), except the fourth factor, which it found inapposite to determining whether to imply a private cause of action from a state regulatory law, in that case, the Oklahoma Consumer Protection Act. In the instant case, when deciding whether we can imply

a private cause of action from a federal regulatory law, we also find the fourth factor inapplicable because we have determined that the federal action may be tried in state court because it has concurrent jurisdiction.

■ We first find that Appellant is not one of the class for whose *especial* benefit the statute was enacted. The Act was enacted in 1910 to increase the protection of operating train men to an extent beyond that furnished by the common law. *Rouse v. CSX Transportation, Inc.*, 722 F.Supp. 751 (S.D.Ga.1989), citing *Spotts v. Baltimore & O.R. Co.*, 102 F.2d 160 (7th Cir. 1938), cert. den. The benefits of the Act are intended for passengers as well as employees. *Jacobson v. New York, N.H. & H.R. Co.*, 206 F.2d 153 (1st Cir.1953). The federal courts could have, but have not, developed a private cause of action for damages for personal injuries resulting from a breach of the Safety Appliance Act, in favor of persons not entitled to sue under the provision of FELA. *Jacobson* at 157. The special class factor must be effected by a narrow construction. *Holbert v. Echeverria*, 744 P.2d 960, 963 (Okl.1987). The decedent's status as an industrial employee working on the industrial site, on industry-owned rail cars is too attenuated a relationship to allow him membership in the special class for whose benefit the statute was enacted.

■ The second factor is whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? We determine legislative intent by the precise wording of the Act and its history. *Holbert* at 964. Because *Crane* was published in 1969 and contained the plea to Congress to amend the statute if it wanted to correct the injustice and Congress amended the statute in 1988, but remained absolutely silent about creating any private causes of actions in anyone except railroad employees, it is clear to us that Congress intended to deny private causes of action to nonemployees of the railroad.

■ Lastly, we answer in the negative the question whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy. The Safety Appliance Act is a regulatory law, enacted specifically to protect rail employees and passengers. Violation of the Act is punishable by fine. It furthers the interests of an injured person to sue for damages, but allowing that cause of action does not further the purpose of the statute. *Cort*, at 84. The nonemployee's cause lies, if at all, in common law.

There being neither an express nor implied cause of action pursuant to the Safety Appliance Act in favor of Appellant for damages because of personal injury, the court lacked jurisdiction to entertain the matter and should have dismissed the action before trial.

We do not address whether a common law action in Oklahoma has been preempted by federal law because Appellant failed to preserve and raise as error the trial court's overruling of her motion to amend her petition to include common law negligence.

We find the court lacked jurisdiction over the subject and that its judgment, entered on the jury verdict, is therefore void. We vacate the judgment and remand the matter with directions to the court to dismiss the action.

**VACATED AND REMANDED WITH DIRECTIONS TO DISMISS.**

HANSEN, C.J., and BAILEY, P.J., concur.