Author **BROWN and Sheila A. Brown, Appellants,**

v.

**SAND SPRINGS RAILWAY COMPANY, Appellee.**

No. 83605.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 30, 1994.

E. Terrill Corley, Tulsa, for appellants.

Jo Anne Deaton, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for appellee.

## OPINION

ADAMS, Judge:

The appellants sued the appellee after Mr. Brown was allegedly injured by a rail car owned by his employer on a line allegedly owned and operated by the appellee but located on his employer's premises. The appellants alleged violations of the Safety Appliance Act (SAA), 45 U.S.C. § 1 *et seq.* Relying on *Keizor v. Sand Springs Railway Company*, 861 P.2d 326 (Okla.App.1993), the trial court dismissed the case for lack of jurisdiction.

In their petition in error, the appellants claim the trial court erred in dismissing the case because, according to the appellants, *Keizor* "was an incorrect interpretation of the law." We disagree and therefore affirm the trial court.

The appellants argue that *Keizor* misinterpreted *Crane v. Cedar Rapids & Iowa City Railway Company*, 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969). According to the appellants, *Crane* only holds that a nonemployee's action under the SAA is subject to defenses which would not be available in a case by a railroad employee and does not preclude a private right of action for a nonemployee under the SAA.

This argument flies in the face of the Court's express holding that "[t]he Safety Appliance Act did not create a federal cause of action for either employees or nonemployees seeking damages for injuries resulting from a railroad's violation of the Act." *Crane*, 395 U.S. at 166, 89 S.Ct. at 1708. The trial court committed no error in following *Keizor* and dismissing the appellants' claim based on the SAA.

AFFIRMED.

GARRETT, V.C.J., and HUNTER, J., concur.