JAMES E. BIELICKE, Plaintiff-Appellee, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Defendant-Appellant.

Fifth District    No. 5—96—0503

Opinion filed August 8, 1997.—Rehearing denied September 9, 1997.

GOLDENHERSH, J., dissenting.

Rebecca R. Jackson and Vivian H. Waters, both of St. Louis, Missouri, for appellant.

Mark P. Spengler and Keith A. Jensen, both of Callis, Papa, Jensen, Jackstadt & Halloran, P.C., of Granite City, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On July 29, 1993, James Bielicke was working the 3:30 p.m.-to-11 p.m. shift as a carman for the Terminal Railroad Association of St. Louis (Terminal). His duties included the routine repair of three gondola cars. At approximately 7 p.m. Bielicke and his coworker, Charles Smith, prepared to work on the gondola cars. Plaintiff testified that he climbed onto one of the gondola cars by stepping on the sill step and grasping the grab irons. He then worked his way around the corner of the car, climbed up the ladder, and moved between two cars by stepping on the brake step. Bielicke testified that as he stood on the brake step, he made a visual inspection of the car to which the brake step was attached. As Bielicke began to step from one car to another, he lost his footing and fell backwards onto the pin lifter. Bielicke alleged that the fall injured his shoulder, left arm, neck, and back. Bielicke sued Terminal pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (1994)) and was awarded $1,975,725.10 in damages. Terminal appeals. We reverse and remand for a new trial.

Terminal raises the following seven issues: (1) whether the trial court erred in refusing to limit any reference to Bielicke's termination of employment due to reasons unrelated to the fall; (2) whether the court erred in admitting evidence of Bielicke's wages or benefits

because he was terminated for reasons unrelated to the fall; (3) whether the court erred in admitting Bielicke's tendered jury instruction No. 24 pertaining to the Safety Appliance Act (45 U.S.C.A. § 1 *et seq.* (West 1986)); (4) whether the court erred in denying Terminal the opportunity to inquire into plaintiff's disability pension; (5) whether the court erred when it struck portions of Dr. Anderson's evidentiary deposition; (6) whether the court erred when it admitted evidence regarding the insufficiency of lighting on the night of July 29, 1993; and (7) whether the cumulative effect of the trial court's errors deprived Terminal of a fair trial.

We conclude that giving instruction No. 24 constituted prejudicial error and requires us to grant a new trial. In view of our ruling on the instructional error, we do not address the other issues.

At trial Larry Hurt, Terminal's director of transportation services, testified that he is in charge of the locomotive department, car department, and training. Hurt testified that if a car comes into the yard with a damaged safety appliance, there is a federal railroad administration standard that requires Terminal to repair the appliance. Safety appliances include items such as side ladders, pin lifters, hand hoses, and sill steps.

Hurt examined photographs, taken on the night of the accident, of the two cars that Bielicke's personal injury report indicated were involved in his injury. Hurt noted that the ladders looked bent and the pin-lifter bracket appeared broken. Hurt also testified that if Bielicke had stepped from the crossover board of one car to the draft sill of another car, there would have been no handhold for him to grab to keep himself from falling. Hurt explained that nearly all of the safety appliances Bielicke would have used in crossing from one car to another were damaged on one of the cars.

At the close of the evidence the plaintiff requested the judge to instruct the jury that the Safety Appliance Act does not apply to carmen when they are working on a blue flag track on a piece of equipment that is not in operation. Bielicke argued that the defense had erroneously injected evidence concerning the issue of whether safety-appliance requirements applied during the repair of cars. Bielicke argued that because the Safety Appliance Act did not apply, the defense should not be permitted to imply that Bielicke was wrong in attempting to make repairs without first assuring that the cars were equipped with proper safety appliances. The trial judge agreed with plaintiff, and instruction No. 24 was given over Terminal's objection.

Instruction No. 24 reads:

"At the time of the occurrence, there was in force a federal statute known as the Safety Appliance Act. That Act imposes upon

the railroad the absolute duty to have all cars which it hauls or permits to be hauled or used on its line equipped with secure and adequate grab irons or handholds at the ends and sides of each car.

    This statute does not apply to a carman such as the plaintiff who is working in a secured, Blue Flag, Rip track."

Bielicke argues on appeal that this instruction was properly given to cure any error caused by Terminal's evidence which indicated that Bielicke was prohibited from climbing on a car without adequate safety appliances. Moreover, Bielicke contends that because the jury was adequately charged by other jury instructions on the issue of contributory negligence, the instructions as a whole were sufficiently clear and did not mislead the jury but fairly and correctly stated the law. Terminal argues that instruction No. 24's reference to the railroad's "absolute duty" prejudiced Terminal because a violation of the Safety Appliance Act had not been pled and no evidence of its violation had been submitted. Terminal also argues that the instruction misled the jury because defendant was entitled to offer evidence of contributory negligence under the Federal Employers' Liability Act.

■ Every party has the right to have the jury instructed fairly and correctly. *Leonardi v. Loyola University*, 168 Ill. 2d 83, 100, 658 N.E.2d 450, 458 (1995). An instruction may be given only when evidence exists to support the theory of the instruction. *Illinois State Trust Co. v. Walker Manufacturing Co.*, 73 Ill. App. 3d 585, 591, 392 N.E.2d 70, 74 (1979). It is error to give an instruction not based on the evidence. *Leonardi*, 168 Ill. 2d at 100, 658 N.E.2d at 458. An instruction is justified if it is supported by some evidence in the record, and the trial court has discretion in deciding which issues are raised by the evidence. *Tucker v. Illinois Power Co.*, 232 Ill. App. 3d 15, 33, 597 N.E.2d 220, 233 (1992).

■ The first paragraph of instruction No. 24's reference to the railroad's absolute duty creates the impression that Terminal has an absolute duty to comply with safety standards under the Safety Appliance Act. As we have previously noted, there was no pleading and no evidence on this issue. Therefore, it was error to give the first paragraph of the instruction.

The second paragraph of the instruction compounds the problem. As Terminal points out, it presented evidence on the plaintiff's claimed violation of safety rules which the jury could have considered on the issue of mitigation of damages. There was no reference to a violation of the Safety Appliance Act during the examination regarding the safety rules, and those two promulgations are completely sep-

arate and have vastly different implications under the law. If the plaintiff had been able to plead a violation of the Safety Appliance Act under the facts of this case, then the plaintiff's alleged contributory negligence would not have been a proper consideration for the jury under that theory. See *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 23 L. Ed. 2d 176, 89 S. Ct. 1706 (1969); *Wilson v. Union Pacific R.R. Co.*, 56 F.3d 1226 (10th Cir. 1995). The plaintiff, however, could not and did not plead such a violation. Thus, his successful attempt to insert a nonissue into the case in order to eliminate from the jury's consideration the plaintiff's violation of the safety rules was improper.

Bielicke would have the trial court and this court believe that simply because safety rules in general were testified to in reference to Bielicke's alleged failure to comply with safety guidelines when repairing cars, the Safety Appliance Act was implicated. This is not true. Plaintiff's complaint was based on the Federal Employers' Liability Act. There was no count based on the Safety Appliance Act. A review of the testimony reveals that the federal Safety Appliance Act itself was not implicated. Moreover, there was no evidence introduced regarding the railroad's purported violation of the Safety Appliance Act, nor could there be, because the Act does not apply to railroad cars awaiting repair on a side track (see *New York, C. & St. L. R. Co. v. Kelly*, 70 F.2d 548 (7th Cir. 1934); *Blazin v. Southern Pacific Co.*, 127 F. Supp. 20 (N.D. Cal. 1954); 45 U.S.C.A. §§ 4, 8 (West 1986)). Instruction No. 24 creates the impression that Terminal violated the Safety Appliance Act and, hence, violated its duty to Bielicke. The jury instruction also leads one to believe that Bielicke was not subject to Terminal's safety rules. We conclude that it was prejudicial error to give jury instruction No. 24.

Because we find that the trial court's instruction to the jury was prejudicial error, we reverse and remand for a new trial.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

HOPKINS, J., concurs.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. The majority opinion ignores the clear language of a curative instruction given by a trial judge exercising his discretion, and the record comes to us without any basis for concluding that the judge's discretion was abused.

The majority concedes that a trial court has discretion in determining which issues are raised by the evidence in a case. *Tucker v. Illinois Power Co.*, 232 Ill. App. 3d 15, 597 N.E.2d 220 (1992). The majority indicates that plaintiff, James E. Bielicke, argues, and a review of the record clearly shows, that a defense witness injected evidence concerning the issue of whether safety-appliance requirements applied during the repair of cars, as in the instant situation. The trial court agreed with plaintiff that defendant, Terminal Railroad Association of St. Louis, should not be allowed to imply "that Bielicke was wrong in attempting to make repairs without first assuring that the cars were equipped with proper safety appliances." 291 Ill. App. 3d at 692. Accordingly, the trial court gave instruction No. 24, which reads as follows:

"At the time of the occurrence, there was in force a federal statute known as the Safety Appliance Act [(45 U.S.C.A. § 4 (West 1986))]. That Act imposes upon the railroad the absolute duty to have all cars which it hauls or permits to be hauled or used on its line equipped with secure and adequate grab irons or handholds at the ends and sides of each car.

*This statute does not apply to a carman such as the plaintiff who is working in a secured, Blue Flag, Rip track.*" (Emphasis added.)

The problems with the majority's position arise at this point because the majority's analysis misconstrues the clear language of this instruction. Paragraph 1 of instruction No. 24 references the statute dealing with safety appliances, the Safety Appliance Act. The majority concentrates on this as error. The second paragraph, however, does not "compound the problem" but rather cures what the trial judge perceived as a problem in defendant's injection of the issue of safety appliances. No language could be clearer than "[t]his statute does not apply to a carman such as the plaintiff who is working in a secured, Blue Flag, Rip track." This language is crystal clear in indicating that the Safety Appliance Act does not apply to plaintiff, and contrary to the majority's position, the language does not imply that plaintiff was not subject to defendant's safety rules. Accordingly, I respectfully dissent.