Lloyd DURHAM and Alice
Durham, Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION,
Conrail, Inc., and Laroche Industries,
Inc., Defendants.

No. 98–CV–6117.

United States District Court,
W.D. New York.

April 9, 1998.

William P. Smith, Rochester, NY, for Plaintiffs.

Michael R. Law, Rochester, for Defendants.

## DECISION AND ORDER

SIRAGUSA, District Judge.

This is an action in which the plaintiffs are suing in negligence for injuries sustained by Mr. Durham when two railroad cars rolled into a third railroad car upon which he was working. The plaintiffs commenced this action in New York State Supreme Court, Wayne County, on February 5, 1998. One of the defendants, LaRoche Industries, Inc., filed a notice of removal to this Court on March 18, 1998. For the reasons that follow, this action is remanded to State Supreme Court.

STATEMENT OF FACTS

The plaintiffs are residents of the State of New York. The defendants Consolidated Rail Corporation and Conrail, Inc. are corporations organized under the laws of the State of Pennsylvania, with their principal places of business in Philadelphia, Pennsylvania. The defendant LaRoche Industries, Inc., is a corporation organized under the laws of the State of Delaware, with a principal place of business in the Town of Lyons, State of New York.

The complaint alleges that on or about February 9, 1995, the plaintiff Lloyd Durham was injured as a result of the negligence of the defendants. Specifically, the complaint alleges that the railroad cars which injured Mr. Durham rolled and struck him because they were "negligently placed, braked and spotted." The complaint further alleges that,

"upon information and belief, the defendants and each of them violated the provisions of the Federal Safety Appliances Act, 49 U.S.C. § 20301, et seq., and applicable regulations promulgated thereunder." The notice of removal states that this Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because "[p]laintiff's complaint for personal injuries alleges violations of the Federal Safety Appliances Act, 49 U.S.C. § 20301."

ANALYSIS

The removal of actions from State Court to Federal Court is controlled by 28 U.S.C. § 1441(b), which states in relevant part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1447(c) states in relevant part that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

 28 U.S.C. § 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The plaintiffs and the defendant LaRoche Industries, Inc., are both citizens of the State of New York, therefore there is no complete diversity of citizenship between the parties. Accordingly, for this Court to possess subject matter jurisdiction over this action, it must appear from the complaint that it involves a claim or right arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

 The Federal Safety Appliances Act, 49 U.S.C. § 20301, et seq., did not create a federal cause of action for injuries resulting from a railroad's violation of the act. *Crane v. Cedar Rapids & Iowa City Railway Co.,* 395 U.S. 164, 166, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969). Thus, while the Act does prescribe a duty, the right to recover for injuries suffered as a result of a breach of that duty springs from state common law. *Jacobson v. New York, N.H. & H.R. Co.,* 109 F.Supp. 513, 514 (D.Mass.1953), *aff'd* 206 F.2d 153 (1st Cir.1953), *aff'd* 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067 (1954). To make a case one arising under the laws of the United States, the right sought to be enforced should be a federal one; it is not enough that in an action to enforce a right arising under state law, a question of federal law is involved. *Id.* at 513. As the Supreme Court held in *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Therefore, while the plaintiff's action may rely in part upon a duty created by the Federal Safety Appliances Act, that does not make this a case arising under the laws of the United States. In a case such as the one at bar, the plaintiff "must look for his remedy to a commonlaw [sic] action in tort, *which is to say that he must sue in state court, in the absence of diversity,* to implement a state cause of action." *Crane,* 395 U.S. at 166, 89 S.Ct. 1706.(Emphasis added).

Accordingly, this matter is remanded to New York State Supreme Court, Wayne County, pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to mail a certified copy of this Decision and Order to the Clerk of that Court. Pursuant to 28 U.S.C. § 1447(d), this Order is not reviewable on appeal or otherwise.

So ordered.